Paul Douglass **METHVEN** et al., Appellants,

v.

**FIDELITY UNION LIFE INSURANCE COMPANY,** Appellee.

No. 13659.

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1960.

Thompson, Knight, Wright & Simmons, Dallas, for appellants.

H. B. Houston, Dallas, for appellee.

MURRAY, Chief Justice.

Fidelity Union Life Insurance Company, as appellee, has filed a motion to dismiss this appeal, because the appellants did not file an appeal bond, but relied upon an affidavit of inability to pay or give security for costs of appeal as provided in Rule 355, Texas Rules of Civil Procedure.

The record shows that this suit was instituted on February 4, 1960, in the District Court of Bexar County, Texas. Thereafter, on February 17, 1960, the minor defendants, Paul Douglass Methven and Paulette Douglass Methven, in person and through Texas Weaver Methven, a widow, as their next friend, filed their plea of privilege to be sued in Dallas County. On February 24, 1960, Fidelity Union Life Insurance Company filed a controverting affidavit to said plea of privilege. Thereafter, on March 21, 1960, a District Court of Bexar County signed a decree overruling the plea of privilege filed by the minors, and the minors, acting by and through their next friend, gave notice of appeal from such order to this Court. Thereafter, on March 24, 1960, the minors filed their affidavit of inability to pay or give security for costs of appeal, and on March 25, 1960, the District Judge of the 131st Judicial District of Bexar County entered an order, supposedly pursuant to Rule 380, Texas Rules of Civil Procedure, reciting that said minors had made the proof required by law to appeal their case without bond, and ordering the court reporter to furnish them with a statement of facts. On March 30, 1960, the minors presented to the Clerk of this Court the transcript and statement of facts, which were filed herein.

It now appears that appellants gave notice to appellee of the filing of their affidavit of inability to pay costs, and within due time, to-wit, on April 6, 1960, appellee filed its contest of such affidavit of inability to pay costs of appeal, but at that time the trial court had already entered an order approving such affidavit and ordering the court reporter to furnish appellants with a statement of facts.

On January 1, 1955, Rule 355, supra, was amended, and now provides that when an affidavit of inability to pay costs is filed by an appellant, such appellant shall give notice to the appellee of the filing of such affidavit, and appellee shall have ten days thereafter within which to contest the affidavit, and further provides that where a contest is filed it is the duty of the court, if in session, or the county judge of the county in which the case is pending, to set such contest for hearing, and the duty of the clerk to give the respective parties notice of such setting. The record shows that the trial judge did not set the matter down for hearing and did not give the respective parties notice of the setting, but at once entered an order approving the affidavit of inability to pay costs. This was error.

We are of the opinion that these minors should not lose their right of appeal as a result of the failure of the trial judge to set the contest of the affidavit down for a hearing, and of the clerk to give the respective parties notice of such hearing.

Appellee's motion to dismiss this appeal, which was timely filed in this Court, will be overruled, with the exception that it will be the duty of the trial judge to set the controversy down for a hearing, and after such hearing determine whether or not the appellants were entitled to appeal under the provisions of Rule 355, T.R.C.P. Should he determine that the appellants were not entitled to so prosecute their appeal, then appellee may present herein a further motion to dismiss the appeal, but if the trial judge should determine that appellants were entitled to appeal under the provisions of Rule 355, supra, then the matter will be terminated.

Appellee's motion to dismiss this appeal is overruled on condition above set out.